# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 4, 2013

## RAYMOND AMAYA v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 1002265     W. Otis Higgs, Jr., Judge**

---

**No. W2012-02008-CCA-R3-PC  - Filed October 31, 2013**

---

Petitioner appeals from the denial of his petition for post-conviction relief from his conviction for possession with intent to sell over 300 grams of cocaine and resulting sentence of 13.5 years as a mitigated offender.  On appeal, Petitioner contends that he received ineffective assistance of counsel and that his guilty plea was rendered involuntary by the ineffective assistance of counsel.  Based upon our review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JEFFREY S. BIVINS, JJ., joined.

Rosalind E. Brown, Memphis, Tennessee, for the appellant, Raymond Amaya.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Charles Summers, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Evidentiary hearing*

At the post-conviction hearing, Petitioner testified that he met with trial counsel "[a]t least three or four times" prior to entering his guilty plea.  He testified he met with trial counsel "[e]very time [he went] to court," and that trial counsel never came to the jail to meet with him.  Petitioner testified that he had a ninth grade education, and that he "didn't really know how to read or write."  He testified that trial counsel filed a motion to suppress, but that he did not explain to Petitioner what a suppression hearing was.

Petitioner acknowledged that he had drugs in his possession at the time of his arrest. He testified that other people charged in the same incident "wanted to put everything on [him, and he] was peer pressured." Petitioner also acknowledged that counsel informed him that his sentence would be "thirteen years and something" to be served at 20 percent release eligibility. Petitioner testified, "I felt like I got too much time for what the drugs that was in there since I just had a small amount of drugs and I got stopped two lights down." Petitioner was not arrested inside the motel room where the remainder of the drugs were found, but he was afraid his co-defendants would "turn on" him, and because he "was young and naive," he accepted the State's plea offer. He testified, "I didn't know no better. I didn't know nothing about no trial. I don't even know what goes on in a trial."

On cross-examination, Petitioner testified that trial counsel advised him that pleading guilty was "a bad move," but Petitioner "felt like everybody was saying that they're going to blame everything on him, so [he] felt like [he] might as well take the charge. . . ." When he entered his guilty plea, Petitioner "was just saying 'yes, sir,' and 'no, ma'am[,]'" without comprehending what the trial court and the prosecutor were asking him.

Trial counsel testified that another attorney from his office represented Petitioner at his arraignment on April 15, 2010. Trial counsel's colleague informed him that Petitioner "wanted to accept responsibility for all the drugs." Trial counsel met with Petitioner to review discovery on May 24, 2010. Petitioner told trial counsel that he "want[ed] to accept full responsibility for all drugs saying he [would] sign affidavits to clear all the co-defendants." Trial counsel told Petitioner "it would be a bad move." Trial counsel filed a motion to suppress on June 15, 2010. Trial counsel testified that the prosecutor told him he thought a co-defendant "was the target, was the mastermind." Petitioner expressed concern for his girlfriend and friend who were in the car with him when police stopped him. Their charges were ultimately dismissed. On the date the suppression hearing was set to be heard, the State offered a plea agreement with a sentence of 13.5 years to serve as a mitigated offender. Trial counsel conveyed the offer to Petitioner, and Petitioner "eagerly wanted to take it because he wanted the co-defendants to be released and to be dismissed." Petitioner entered his guilty plea on September 16, 2010.

Trial counsel testified that he advised Petitioner of his rights. On cross-examination, trial counsel testified that Petitioner spoke clearly, and trial counsel did not believe there was a need for Petitioner to have a mental evaluation. Trial counsel explained the purpose of the suppression hearing to Petitioner. Trial counsel believed that he would be successful in "suppressing" evidence that Petitioner had any involvement with the larger quantity of drugs found in the motel room. Trial counsel believed that he met with Petitioner once in jail, but he did not note the meeting in his case file.

*Analysis*

To be successful in a claim for post-conviction relief, a petitioner must prove all factual allegations contained in the post-conviction petition by clear and convincing evidence. *See* Tenn. Code Ann. § 40–30–110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *State v. Holder*, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n. 3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. *See Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. *Id*. at 578.

Petitioner contends that trial counsel was ineffective. A claim of ineffective assistance of counsel is a mixed question of law and fact. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). However, we will review the post-conviction court's conclusions of law purely de novo. *Id*.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Moreover,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

*Goad*, 938 S.W.2d at 370 (citing *Strickland*, 466 U.S. at 697). In the context of a guilty plea, "the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." *Hicks v. State*, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In his post-conviction petition, Petitioner alleged that trial counsel was ineffective for failing to obtain a mental evaluation and for failing to thoroughly explain the evidence to Petitioner and Petitioner's options in light of the evidence. Petitioner also alleged that as a result of his "inability to comprehend due to his learning disability" and counsel's ineffective representation, his guilty plea was not knowingly, intelligently, and voluntarily entered.

In a written order denying relief, the post-conviction court found that Petitioner had failed to show by clear and convincing evidence that trial counsel was deficient for failing to request a mental evaluation of Petitioner. The court noted that although Petitioner testified that he could not read or write, he "specifically articulated the terms of the plea agreement that he accepted. . . ." The court further found that Petitioner had not demonstrated why trial counsel should have requested a mental evaluation and noted that trial counsel testified that "Petitioner was clear in his desire to accept a plea agreement, and there was no reason for [trial counsel] to question [Petitioner's] competency." The post-conviction court also found that Petitioner demonstrated that he understood the evidence against him, having testified that when police stopped him, he had six grams of cocaine on his person, and the remainder of the cocaine that led to his charge was in a motel room that he had just left. Petitioner also acknowledged that trial counsel advised him not to plead guilty in light of the evidence against him, but that he chose to plead guilty because he was afraid that his co-defendants would "blame everything" on him. The post-conviction court found trial counsel to be credible.

We conclude that the record supports the post-conviction court's findings. On appeal, Petitioner maintains that trial counsel "never explained his options [ ] or the benefits of a trial." Trial counsel testified at the post-conviction hearing that he explained the evidence against Petitioner, reviewed the State's discovery response with Petitioner, and explained the motion to suppress and the reason for the motion to suppress. The post-conviction court accredited trial counsel's testimony. Moreover, we agree with the post-conviction court's conclusion that Petitioner presented no proof that trial counsel should have requested a mental evaluation on Petitioner before Petitioner entered his guilty plea. We conclude that the Petitioner has not demonstrated that trial counsel was deficient.

With regard to the voluntariness of his plea, the transcript of the guilty plea hearing, which was filed as an exhibit at the evidentiary hearing, supports the post-conviction court's

finding that Petitioner understood and agreed to all the elements of the guilty plea. As stated above, Petitioner has been unable to prove that his mental state prevented him from comprehending the terms of the plea agreement or the consequence of his plea. The post-conviction court accredited trial counsel's testimony that Petitioner was adamant in stating his intention to accept the plea offer and take responsibility for the drugs found in the car and at the motel. We agree with the post-conviction court that the Petitioner failed to prove his allegations by clear and convincing evidence. Accordingly, the order of the post-conviction court denying post-conviction relief is affirmed.

_____
THOMAS T. WOODALL, JUDGE